## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 14-CIV-20840-BLOOM/Valle

HECTOR SANTANA, as
Personal Representative of the
Estate of Michael Santana,

      Plaintiff,

vs.

MIAMI-DADE COUNTY and
GERMAN ALECH,

      Defendant.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** came before the Court on the Motion to Dismiss, ECF No. [41] (the "Motion") filed by Defendant Miami-Dade County (the "County"), with respect to Plaintiff Hector Santana's ("Plaintiff") Second Amended Complaint, ECF No. [38]. The Court has carefully reviewed the Motion, all supporting and opposing submissions, the record in this case and applicable law. For the reasons set forth below, the Motion is **DENIED.**

### I.  BACKGROUND

Plaintiff initiated this action on March 5, 2014 against the County and Miami-Dade police officer German Alech alleging civil rights violations and wrongful death / common-law battery in connection with the death of his son. ECF No. [1]. In response to the County's motion to dismiss, Plaintiff amended his original complaint of right on April 18, 2014. ECF No. [13] ("First Amended Complaint"). On June 18, 2014, the Court denied the County's motion to dismiss the wrongful death count asserted against it in the First Amended Complaint. ECF No. [24] (the "Order Denying Dismissal"). The Court found that Plaintiff's allegations sufficiently

stated a wrongful death claim resulting from the tort of battery.  The case was reassigned to the undersigned on June 30, 2014.  ECF No. [25].  On January 30, 2015, Plaintiff sought leave of the Court to amend his First Amended Complaint to state a claim for negligence against the County. ECF No. [35].  The Court granted Plaintiff leave to amend, finding that Plaintiff's recent receipt of discovery materials substantiating a new claim and demonstrated good cause as required under Fed. R. Civ. P. 16.  ECF No. [37]. Plaintiff filed his Second Amended Complaint on February 20, 2015.  The Second Amended Complaint is identical to the First with respect to the facts and allegations stated to substantiate Plaintiff's wrongful death claim against the County.

Plaintiff alleges that on March 7, 2012, at approximately 8:15 p.m., Michael Santana ("Santana") was inside his home located at 6915 Bottle Brush Drive, Miami Lakes, Florida. SAC ¶ 11.  Santana's girlfriend, Brittany Retkofsky, arrived at the residence a few minutes later and the two began to prepare for dinner.  *Id.* ¶¶ 12-15.  At approximately 8:20 p.m., a squad of police officers from the Miami-Dade County police department Special Response Team ("SRT") pulled up to the front of Santana's home.  *Id.* ¶ 16.  The SRT unit, comprised of sixteen officers, came to execute a search warrant (the validity of which Plaintiff does not contest).  *Id.* ¶¶ 18-19, 56.  The warrant authorizing the entry into the Santana home was not a "no-knock" warrant.  *Id.* ¶ 57.  In addition, the County police had decided that, if Santana was present at the home during the execution of the warrant, they would place him under arrest.  *Id.* ¶ 59.  Officer Alech was a member of the SRT unit and was assigned the lead position in entering the residence.  *Id.* ¶¶ 20-23.

Prior to executing the warrant, the County police "negligently failed to adequately secure the perimeter near the home."  *Id.* ¶ 60.  Upon arrival, the officers "charged" from their two separate specialized armored vehicles, "ran directly" to the front door of the residence, and

attempted to determine if the front door was locked. *Id.* ¶¶ 17, 24-25.  They then "immediately" began to forcibly enter the home, using a Halligan bar and sledgehammer to pry open and/or break down the door. *Id.* ¶¶ 26-29.  Prior to using the Halligan bar and the sledgehammer, none of the officers, including Officer Alech, knocked, yelled or announced their presence so as to alert the occupants of the Santana home. *Id.* ¶¶ 30, 66-67.

A supervising officer was present at the front door and witnessed the manner in which the SRT officers broke into the home. *Id.* ¶ 68.  According to Plaintiff, "[t]he manner in which the SRT officers broke into and charged into the home was in violation of Miami Dade County Police policy and procedures." *Id.* ¶ 69.

The door was broken open "within seconds." *Id.* ¶ 32.  The SRT officers entered the home armed and with their weapons drawn. *Id.* ¶¶ 45-46.  Officer Alech entered with his firearm out and in the ready position for firing. *Id.* ¶ 34.  The squad of SRT officers followed Officer Alech into the home. *Id.* ¶ 35.  Hearing the front door being opened, Santana walked from the kitchen area toward the doorway. *Id.* ¶ 47.  "Almost immediately" upon entry, the police encountered Santana in a hallway near the front door. *Id.* ¶¶ 36, 49.  "A brief, momentary confrontation ensued." *Id.* ¶ 50.  Officer Alech "reacted by intentionally discharging his weapon and shooting" Santana. *Id.* ¶ 51.  More specifically, Officer Alech yelled to Santana, "let me see your hands, show me your hands, get on the ground." *Id.* ¶ 37.  Santana complied and separated his hands to show that he was following the officer's command. *Id.* ¶ 38.  With his hands separated to show submission, Santana began to lower his body to get on his knees to surrender. *Id.* ¶ 39.  While Santana was getting on his knees, Officer Alech shot Santana three times, killing him. *Id.* ¶ 40.  Plaintiff contends that Officer Alech fatally wounded Santana "almost immediately" upon entering the residence. *Id.* ¶ 73.

Through the instant Motion, the County seeks dismissal of both claims asserted against it in the Second Amended Complaint – for wrongful death / battery (Count I) and negligence (Count IV).

## II.    LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002).  While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").    Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).  The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff.  *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D.

Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.   A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim.   *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).   While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."   *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."   *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003). However, "[d]ismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"   *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.   DISCUSSION

The County challenges the Second Amended Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).   Ultimately, the factual allegations stated in the Second Amended Complaint are sufficient.

### A.   Wrongful Death

The County argues that the facts set forth in the Second Amended Complaint cannot

support Plaintiff's claim for wrongful death based on tortious battery because they are insufficient to overcome the presumption of good faith afforded a police officer when using force to execute a valid warrant. *See Ruizdelatorre v. City of Miami Beach*, 2008 WL 5381431, at *14 (S.D. Fla. Dec. 22, 2008) ("A 'presumption of good faith attaches to an officer's use of force in making a lawful arrest.'") quoting *City of Miami v. Sanders*, 672 So. 2d 46, 47 (Fla. 3d DCA 1996); *Andrade v. Miami Dade Cnty.*, 2011 WL 4345665, at *7 (S.D. Fla. Sept. 16, 2011) (granting motion to dismiss where "Plaintiff [had] not alleged sufficient facts to overcome the presumption of good faith afforded to her conduct" and therefore could not sustain his battery claim); *Dawe v. Rogers*, 2009 WL 2579359, at *5 (M.D. Fla. Aug. 18, 2009) ("[A] presumption of good faith attaches to an officer's use of force in making a lawful arrest and an officer is liable for damages only where the force used is clearly excessive."); *see also Davis v. Williams*, 451 F.3d 759, 768 (11th Cir. 2006) ("Pursuant to Florida law, police officers are entitled to a presumption of good faith in regard to the use of force applied during a lawful arrest").  The County stresses that the Second Amended Complaint "is critically silent," Mtn. at 4, as to what occurred during the "brief, momentary confrontation" which ensued after the officers entered Santana's residence.  Without more information, it contends, Plaintiff has not stated beyond mere speculation that the officers' use of force was clearly excessive.

The County raised a version of this same argument in its motion to dismiss the First Amended Complaint.  The factual allegations relevant to Plaintiff's wrongful death claim are identical.  The Order Denying Motion to Dismiss, ECF No. [24], rejected the County's argument then, and that order is law of the case.  Indeed, as the County stresses, Plaintiff's allegations that Santana engaged the officers in a "confrontation" after their entry into the residence to effect a valid search warrant, and that Officer Alech "*reacted* by intentionally discharging his weapon

and shooting" Santana (emphasis added), support the County's characterization of the officers' conduct as well within the ambit of the good faith presumption.  However, Plaintiff also alleges that after the SRT unit's rushed entry into his residence, Santana complied with the officers' instructions, separated his hands to show that he was following the officer's command and to show submission, and began to lower his body to get on his knees to surrender – whereupon Officer Alech fatally shot him.  Those allegations are clearly sufficient at the pleading stage to raise an inference of bad faith or improper disregard for life by Officer Alech so as to "transform" the police officer's ordinarily protected use of force into a battery supportive of Plaintiff's wrongful death claim.  *Cf. Sanders*, 672 So. 2d at 47.

### B. Negligence

"The elements of a negligence action in Florida are:  (1) a legal duty owed by the defendant towards the plaintiff under the circumstances; (2) a breach of that duty by the defendant; (3) the defendant's breach of duty was both the actual and proximate cause of the plaintiff's injuries; and (4) damages as a result of the breach."  *Seale v. Ocean Reef Club, Inc.*, 2013 WL 4647218, at *3 (S.D. Fla. Aug. 29, 2013) (citations omitted); *see also Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003) (elements are duty or obligation, failure to conform to required standard, "reasonably close causal connection . . . commonly known as 'legal cause' or 'proximate cause,'" and actual loss or damage); *Paterson v. Deeb*, 472 So. 2d 1210, 1214 (Fla. 1st DCA 1985) (legal duty, breach, injury and resulting damages).

The County notes that there is no cause of action under Florida law for the negligent use of force.  *See Lewis v. City of W. Palm Beach, Fla.*, 561 F.3d 1288, 1294 (11th Cir. 2009) (no cause of action for the negligent use of force under Florida law); *Sanders*, 672 So. 2d at 48 ("[W]e come to the inescapable conclusion that it is not possible to have a cause of action for

CASE NO. 14-CIV-20840-BLOOM/Valle

'negligent' use of excessive force because there is no such thing as the 'negligent' commission of an 'intentional' tort.").  It, therefore, questions how Plaintiff could allege that Officer Alech intentionally shot and killed Santana and, at the same time, allege that the County is liable in tort for negligence.  However, this Court recognizes two important points in the law.  First, Plaintiff is permitted to plead in the alternative.  *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1273 (11th Cir. 2009) ("Rule 8(d) of the Federal Rule of Civil Procedure permits the pleading of both alternative and inconsistent claims.").  Second, and more importantly here, "Florida law . . . clearly recognizes a cause of action for the negligent handling of a firearm and the negligent decision to use a firearm separate and distinct from an excessive force claim."  *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1263 (11th Cir. 2001).  Specifically, "a separate negligence claim based upon a distinct act of negligence may be brought against a police officer in conjunction with a claim for excessive use of force [where] the negligence component . . . pertain[s] to something other than the actual application of force during the course of the arrest."  *Sanders*, 672 So. 2d at 48.  Plaintiff claims that the County – via *respondeat superior* with respect to the supervising officers on the scene – was negligent in failing to adequately secure the perimeter of the residence and authorizing the SRT unit to forcibly enter the home without first announcing its presence.  The negligent "manner in which the SRT officers broke into and charged into the home was in violation of Miami Dade County Police policy and procedures."  It is that negligence which, in his negligence count, Plaintiff claims caused Santana's fatal injuries.  The Second Amended Complaint clearly states a claim for negligence on the basis of those allegations.

CASE NO. 14-CIV-20840-BLOOM/Valle

### IV.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the Motion, ECF No. [41], is **DENIED**.  Defendant Miami-Dade County shall file its Answer **no later than May 8, 2015.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 27th day of April, 2015.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record